UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DARLENE DORGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 08-56-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALLSTATE INSURANCE CO., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On May 1, 2009, this Court issued a Memorandum Opinion and Order granting Defendant Allstate Insurance Company's motion for summary judgment with respect to Plaintiff Darlene Dorger's age discrimination claim.[1] [Record No. 77] Dorger has now filed motion to alter or amend the Court's Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 80]

Dorger claims the earlier opinion is "based on a legally erroneous conclusion." Specifically, she asserts that the Court erred by applying the "honest belief rule" and finding that she failed to establish that her termination was a pretext for discrimination. However, Dorger's motion does not meet the standard for altering or amending a judgment pursuant to Rule 59(e). Therefore, her motion will be denied.

---

[1] Summary judgment was also entered in favor of Allstate with regard to Dorger's promissory estoppel claim. However, only summary judgment on the age discrimination claim is at issue here.

**Analysis**

The facts relevant to this case are discussed at length in the May 1, 2009, Memorandum Opinion and Order. *See Dorger v. Allstate Ins., Co.*, No. 08-56, 2009 U.S. Dist. LEXIS 37478, *2–6 (E.D. Ky. May 1, 2009). This opinion also provided a detailed analysis of Dorger's age discrimination claim applying the *McDonnell Douglas/Burdine* test. *Id.* at 7–20. Neither the underlying facts nor the *McDonnell Douglas/Burdine* analysis need be reiterated here.

The purpose of a Rule 59(e) motion is to allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). While Rule 59 allows reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case." *Howard*, 533 F.3d at 475 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted). An intervening change in the controlling law is also an acceptable reason for granting a Rule 59(e) motion. *Combs v. Lambert*, No. 03: 07-27, 2007 U.S. Dist. LEXIS 36008, *3 (E.D. Ky. May 16, 2007) (citations omitted).

Within this circuit, there does not appear to be a precise definition for the meaning of "manifest error of law" in the context of a Rule 59(e) motion. However, the definitions from other circuits are persuasive. The Seventh Circuit defines "manifest error" as the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court."

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (also noting that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"). Similarly, the Northern District of Texas, which refers to "manifest error" as "clear error," explained that:

> [t]here is no precise definition in the law for what constitutes "clear error," though it's clear that any analysis of clear error should conform to a very exacting standard. District courts should have a clear conviction of error before finding that a . . . judgment was predicated on clear error. In essence, a judgment must be "dead wrong" to qualify as being clearly erroneous.

*H & A Land Corp. v. City of Kennedale*, No. 04:02-458, 2005 U.S. Dist. LEXIS 25797, *5 (N.D. Tex. Oct. 24, 2005) (internal citations and quotation marks omitted). Based on these definitions, for Dorger to prevail on her Rule 59(e) motion based on "manifest error of law" she must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment.

Dorger has not established that the Court's prior opinion was based on a manifest error of law. Instead, she seeks to reargue that Allstate is not entitled to application of the honest belief rule because the managers involved in the internal investigation allegedly included false information in their termination request, thereby painting Dorger in a false light to upper management. Thus, Dorger again claims that there is a genuine issue of fact regarding whether her termination was a pretext for discrimination because she "has raised serious issues as to any possibility that the relevant Allstate managers could have honestly believed this termination to be legitimate."

The only change in Dorger's argument the second time around is her reliance on a materially distinguishable, never-cited, unpublished Sixth Circuit opinion: *Taylor v. NCR*, No.

93-3538, 1994 U.S. App. LEXIS 33834 (6th Cir. Nov. 28, 1994) (unpublished). In *Taylor*, a split panel of the Sixth Circuit held that there was sufficient evidence of *direct* discriminatory animus towards the plaintiff to create a genuine issue of fact regarding whether she was terminated because of her gender. *Id.* at *18–20. The majority explained that the plaintiff need not show that the upper management responsible for the firing acted with discriminatory animus so long as she can show that her manager was motivated by discriminatory animus and that it was the manager's discriminatory actions that led upper management to discharge her. *Id.* at. *18–19.

Dorger's reliance on *Taylor* is misplaced. *Taylor* is based on a very specific fact pattern which is materially distinguishable from the facts in the present case. *Taylor* involved sex and age discrimination claims based on direct evidence of a manager's past discriminatory animus towards the plaintiff. Contrary to Dorger's footnote in her reply brief, her case is not based on direct evidence of discrimination. In addition, *Taylor* does not address the honest belief rule, which is the rule Dorger claims the Court erred in applying in its earlier opinion.

In summary, Dorger's motion for reconsideration is simply an attempt to reargue points made in her original response brief, which is not appropriate under Rule 59(e). *Howard*, 533 F.3d at 475. Dorger has not demonstrated that the Court's earlier opinion is based on manifest error. Likewise, she has not established any of the other requirements necessary for a court to alter or amend a judgment pursuant to Rule 59(e). *Roger Miller Music*, 477 F.3d at 395 (6th Cir. 2007); *Combs*, 2007 U.S. Dist. LEXIS 36008 at *3.[2]

---

[2] Allstate argues that the recent Supreme Court ruling in *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009), further reinforces the May 1, 2009 Memorandum Opinion and Order. Because the Dorger's motion

**Conclusion**

For the reasons discussed above, it is **ORDERED** that Plaintiff Darlene Dorger's motion to amend or alter [Record No. 80] is **DENIED**.

This 16th day of July, 2009.



---

will be denied due to her failure to meet the requirements to alter or amend a judgment pursuant to Rule 59(e), the issue of whether *Gross* reinforces the earlier opinion need not be addressed.